[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR APPOINTED COUNSEL
The petitioner, Statewide Grievance Committee, has made presentment to this court that the respondent, Beth A. Carpenter (Carpenter) has been guilty of misconduct. In connection with this matter, Carpenter requests that the court provide her with appointed counsel. Specifically, Carpenter requests that her criminal trial counsel, Attorney Hugh Keefe, be appointed to represent her at state expense. The petitioner objects asserting that, for these proceedings, Carpenter does not have a right to appointed counsel. For the reasons set forth below, the motion for court-appointed counsel is denied.
 DISCUSSION
The present matter is a disciplinary proceeding to disbar or suspend an attorney. As such, it is neither a civil action nor a criminal proceeding, but is a proceeding sui generis. Statewide Grievance Committeev. Friedland, 222 Conn. 131, 144 (1992). Its object is not the punishment of the offender but rather so that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession. In re Durant, 80 Conn. 140, 147 (1907).
Before discipline may be imposed, an attorney is entitled to notice of the charges and a fair hearing. Statewide Grievance Committee v.Botwick, 226 Conn. 299, 308 (1993). While trial courts have broad discretion with respect to attorney disciplinary proceedings, such discretion must not be exercised at the expense of an attorney's right to procedural due process, Id. 307-08.
The general rule is that court-appointed counsel is not available in civil proceedings. Statewide Grievance Committee v. Friedland, supra 145. The court is unaware of any case in which court-appointed counsel has been provided to an attorney facing professional discipline. Of CT Page 11313 course, our rules allow for the attorney to have counsel at a disciplinary presentment. See Practice Book §§ 2-40, 2-47. At the same time, however, our Supreme Court has declined to apply the sixth amendment right to effective assistance of counsel to such proceedings. See Statewide Grievance Committee v. Friedland, supra 145. On the present record, Carpenter has not persuaded the court that she is entitled to court-appointed counsel.
 CONCLUSION
For the reasons set forth above, the respondent's motion for court appointed counsel is denied.
So ordered at Norwich, Connecticut this _9th_ day of September, 2002.
 ___________________ Robert J. Devlin, Jr., Judge
CT Page 11314